UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON ALLEN THOMAS, #779551,

        Petitioner,

                                   CASE NO. 2:13-CV-11877

v.                            HONORABLE GEORGE CARAM STEEH

KEN TRIBLEY,

        Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Damon Allen Thomas ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.   The petitioner was convicted of first-degree premeditated murder, MICH. COMP. LAWS § 750.316, and possession of a firearm during the commission of a felony ("felony firearm"), MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court.  He was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years imprisonment on those convictions in 2010.

In his pleadings, the petitioner raises claims concerning the sufficiency of the evidence, the conduct of the prosecutor, the jury instructions, and the effectiveness of trial counsel.  For the reasons set forth herein, the court finds that the petitioner is not entitled

to relief and denies the habeas petition.  The court also denies a certificate of appealability

and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

The petitioner's convictions arise from his decision to shoot another man over an

unpaid debt at the man's home in Detroit, Michigan on April 30, 2010.  The Michigan Court

of Appeals described the relevant facts as follows:

> Defendant's convictions arise from the April 30, 2010, shooting death of
> Marcelius Mitchell in Detroit. Evidence indicated that defendant knew
> Mitchell, who owed defendant money. On the night of the shooting,
> defendant went to Mitchell's apartment with a loaded handgun. As the two
> socialized, defendant requested his money and became impatient when
> Mitchell persisted in refusing to repay the debt. Defendant admitted in a
> statement to the police that he ultimately shot Mitchell five times, including
> once in the center chest area, before fleeing the scene and disposing of his
> gun and clothing.[FN1]
>
> FN1. A video recording of defendant's statement was played for the jury.
> Defendant also signed a written statement that was admitted at trial.

People v. Thomas, No. 300525, 2012 WL 933602, *1 (Mich. Ct. App. March 20, 2012)

(unpublished).

Following his convictions and sentencing, the petitioner filed an appeal of right with

the Michigan Court of Appeals raising the same claims presented on habeas review.  The

court denied relief and affirmed the petitioner's convictions.  Id.  The petitioner then filed

an application for leave to appeal with the Michigan Supreme Court, which was denied in

a standard order.  People v. Thomas, 492 Mich. 869, 819 N.W.2d 909 (2012).

The petitioner thereafter filed his federal habeas petition raising the following claims:

I.       There was insufficient evidence as a matter of law to establish his
         conviction for premeditated murder in the first-degree as required by
         the due process clause.

-2-

II.     He was denied a fair trial by the prosecutor's misconduct at trial which violated his right to due process.

III.    He was denied his right to a properly instructed jury and fair trial where the jury was not given the opportunity to return a general verdict of not guilty or not guilty of murder in the second-degree.

IV.    He was denied his constitutional right to effective assistance of counsel at trial.

The respondent has filed an answer to the petition contending that it should be denied because the claims lack merit and/or are barred by procedural default.

## III.   Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

-3-

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  Id.  Thus, in order to obtain federal habeas relief, a state prisoner must show that

-4-

the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

-5-

Lastly, a state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV.    Analysis

### A.    Sufficiency of the Evidence Claim

The petitioner first asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence of premeditation and deliberation to support his first-degree murder conviction. The respondent contends that this claim lacks merit.

The federal due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d). Martin v. Mitchell, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations

are reasonable.  Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009).  Furthermore, the Jackson standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law."  Brown v. Palmer, 441 F.3d 347, 351 (6th Cir. 2006) (quoting Jackson, 443 U.S. at 324 n. 16).  "[I]t is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial."  Cavazos v. Smith, _ U.S. _, 132 S. Ct. 2, 4 (2011) (per curiam).  "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court."  Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)).  Accordingly, the "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim."  Matthews, 319 F.3d at 788-89.

Under Michigan law, first-degree premeditated murder requires proof that the defendant intentionally killed the victim and that the killing was premeditated and deliberate.  People v. Kelly, 231 Mich. App. 627, 642, 588 N.W.2d 480 (1998); Mich. Comp. Laws § 750.316.  Premeditation and deliberation may be established by evidence showing:  "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide."  People v. Schollaert, 194 Mich. App. 158, 170, 486 N.W.2d 312 (1992); see also People v. Abraham, 234 Mich. App. 640, 656, 599 N.W.2d 736 (1999).  Some time span between the initial homicidal intent and the ultimate killing is necessary to establish premeditation and deliberation, People v. Gonzalez, 468 Mich. 636, 641, 664 N.W.2d 159 (2003), but the time required need only be long enough "to allow the defendant to take a second look."  Schollaert, 194 Mich. App. at 170.  An interval of a few seconds can be

sufficient to create a jury question on the issue of premeditation. People v. Tilley, 405 Mich. 38, 45, 273 N.W.2d 471 (1979). Premeditation and deliberation may be inferred from the type of weapon used and the location of the wounds inflicted. People v. Berry, 198 Mich. App. 123, 128, 497 N.W.2d 202 (1993). Use of a lethal weapon supports an inference of an intent to kill. People v. Turner, 62 Mich. App. 467, 470, 233 N.W.2d 617 (1975). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, People v. Jolly, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including the defendant's intent or state of mind. People v. Dumas, 454 Mich. 390, 398, 563 N.W.2d 31 (1997); see also People v. Nowack, 462 Mich. 392, 402-03, 614 N.W.2d 78 (2000).

In this case, the Michigan Court of Appeals applied the Jackson standard and found that the prosecution presented sufficient evidence of premeditation and deliberation to support the jury's verdict. The court explained in relevant part:

> There was evidence that defendant, armed with a loaded five-shot firearm, went to Mitchell's apartment to socialize and collect a $100 debt. As the two men played video games, watched television, and smoked marijuana, it became apparent to defendant that Mitchell had no intention of repaying the debt. Defendant indicated during his police interview that he shot Mitchell after he became impatient with Mitchell's "bullsh*tting" in response to defendant's demands for repayment. Before shooting Mitchell, defendant recalled stating, "I'm a kill you, bitch." He then shot Mitchell once in the chest. When Mitchell did not instantly fall, defendant fired four more bullets, completely emptying his firearm. Defendant fled and disposed of his gun and clothes.
>
> Viewed in a light most favorable to the prosecution, the evidence that defendant brought a loaded firearm to Mitchell's residence, stated his intent to kill Mitchell after realizing that Mitchell did not intend to repay the debt, shot Mitchell once the chest, and then shot Mitchell four additional times when Mitchell did not immediately fall after the first shot, and defendant's actions after the shooting, considered together, were sufficient to enable a

-8-

rational jury to find the necessary premeditation and deliberation for first-degree murder beyond a reasonable doubt.

Thomas, 2012 WL 933602 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The petitioner's intent to kill, including premeditation and deliberation, was established by his use of a deadly weapon, the fact that he shot the victim multiple times, his words at the time of the shooting, his flight from the scene, and his disposal of his gun and clothing. The petitioner had time to consider his actions and take a "second look" before shooting the victim. The evidence at trial, including the petitioner's own police statement, established that the petitioner fired lethal shots at the victim and that he acted with premeditation and deliberation so as to support his first-degree murder conviction.

The petitioner challenges the inferences from the evidence made by the jury at trial. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. Jackson, 443 U.S. at 326; Martin v. Mitchell, 280 F.3d 594, 618 (6th Cir. 2002); Walker v. Engle, 703 F.2d 959, 969–70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable. The evidence at trial, viewed in a light most favorable to the prosecution, established beyond a reasonable doubt that the petitioner shot and killed the victim – and

that he possessed the requisite intent for first-degree murder.  Habeas relief is not warranted on this claim.

### B.    Prosecutorial Misconduct Claims

The petitioner next asserts that he is entitled to habeas relief because the prosecutor engaged in misconduct by vouching for the evidence, by arguing facts not in evidence, by injecting herself as a witness, and by expressing her personal opinion of guilt during closing and rebuttal arguments.  The respondent contends that these claims are barred by procedural default and lack merit.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  Wainwright v. Sykes, 433 U.S. 72, 85-87 (1977); Couch v. Jabe, 951 F.2d 94, 96 (6th Cir. 1991).  The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent."   White v. Mitchell, 431 F.3d 517, 524 (6th Cir. 2006); Howard v. Bouchard, 405 F.3d 459, 477 (6th Cir. 2005); Coleman v. Mitchell, 244 F.3d 533, 539 (6th Cir. 2001).  "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  Harris v. Reed, 489 U.S. 255, 263-64 (1989).  The last explained state court ruling is used to make this determination.  Ylst v. Nunnemaker, 501 U.S. 797, 803-05 (1991).

The Michigan Court of Appeals rendered the last reasoned opinion on these claims. In denying relief, the court relied upon the failure to object at trial.  Thomas, 2012 WL 933602 at *2.  The failure to make a contemporaneous objection is a recognized and

firmly-established independent and adequate state law ground for refusing to review trial errors. People v. Carines, 460 Mich. 750, 763, 597 N.W.2d 130, 138 (1999); People v. Stanaway, 446 Mich. 643, 687, 521 N.W.2d 557, 579 (1994); see also Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. Paprocki v. Foltz, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. Girts v. Yanai, 501 F.3d 743, 755 (6th Cir. 2007); Hinkle v. Randle, 271 F.3d 239, 244 (6th Cir. 2001); Seymour v. Walker, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. McBee v. Abramajtys, 929 F.2d 264, 267 (6th Cir. 1991). The Michigan Court of Appeals denied relief on these claims based upon a procedural default – the failure to properly object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. Coleman, 501 U.S. at 753; Gravley v. Mills, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his or her ability to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. Amadeo v. Zant, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of

counsel, or a showing that the factual or legal basis for a claim was not reasonably available.  McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).

In this case, the petitioner asserts that trial counsel was ineffective as cause to excuse this procedural default.  The petitioner, however, cannot establish that trial counsel was ineffective under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), or that he suffered actual prejudice, as these claims lack merit and do not warrant habeas relief.

The United States Supreme Court has made clear that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction."  Berger v. United States, 295 U.S. 78, 88 (1935).  To prevail on a claim of prosecutorial misconduct, however, a habeas petitioner must demonstrate that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); see also Darden v. Wainwright, 477 U.S. 168, 181 (1986) (citing Donnelly); Parker v. Matthews, _ U.S. _, 132 S. Ct. 2148, 2153 (2012) (confirming that Donnelly/Darden is the proper standard).

The petitioner asserts that the prosecutor engaged in misconduct by vouching for the evidence, arguing facts not in evidence, injecting herself as a witness, and expressing her personal opinion of guilt.  The petitioner cites to the prosecutor's use of the word "I," her claim that the petitioner planned on shooting the victim, her claim that the petitioner was truthful when he confessed to his girlfriend, and her comments about what the petitioner was thinking at the time of the shooting.  See Pet. App. Brf., pp. 18-21.

It is well-established that a prosecutor may not express his or her own personal opinions as to a witness's credibility.  United States v. Young, 470 U.S. 1, 9-10 (1985);

-12-

Hodge v. Hurley, 426 F.3d 368, 378 (6th Cir. 2005). Such statements are improper because they can convey the impression that the prosecutor has evidence not presented to the jury which supports the charges against the defendant thereby infringing upon the defendant's right to be judged solely based upon the evidence presented and because the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own. Young, 470 U.S. at 18-19; Cristini v. McKee, 526 F.3d 888, 901 (6th Cir. 2008); see also Wilson v. Bell, 368 F. App'x 627, 633 (6th Cir. 2010) (citing cases). Prosecutors also may not misstate the evidence, *United States v. Carter*, 236 F.3d 777, 784 (6th Cir. 2001), or argue facts not in evidence, *Abela v. Martin*, 380 F.3d 915, 929 (6th Cir. 2004). Prosecutors, however, do have "'leeway to argue reasonable inferences from the evidence' during closing arguments." United States v. Crosgrove, 637 F.3d 646, 664 (6th Cir. 2011) (quoting Byrd v. Collins, 209 F.3d 486, 535 (6th Cir. 2000)), and may argue from the facts that a witness is or is not worthy of belief. Portuondo v. Agard, 529 U.S. 61, 69 (2000).

In this case, the prosecutor's remarks did not imply personal knowledge or undisclosed evidence of guilt, nor did the prosecutor vouch for the evidence, argue facts not evidence, act as a witness, or express her personal opinion. Rather, as explained by the Michigan Court of Appeals in reviewing this claim for plain error, the prosecutor's arguments, when viewed in context, were based upon the evidence and reasonable inferences therefrom. See Thomas, 2012 WL 933602 at *2-3. The fact that the prosecutor used statements such as "I don't think" or "I believe" does not make her argument improper because she based her assertions upon the evidence and inferences drawn from that evidence, including the petitioner's own inculpatory statements. See Nelson v. Huibregtse,

-13-

No. 07–C–1022, 2009 WL 73149, at *9 (E.D. Wis. Jan.6, 2009) (citing <u>United States v. Lindsay</u>, 157 F.3d 532, 536 (7th Cir.1998)).   The petitioner fails to show that the prosecutor's conduct was improper or that it deprived him of a fair trial.

Furthermore, to the extent that any the prosecutor's remarks could be seen as improper, they were not so pervasive or misleading as to render the trial fundamentally unfair.   Additionally, any potential prejudice to the petitioner was mitigated by the fact that the trial court properly instructed the jurors on the elements of the charged offenses and the burden of proof, discussed the proper consideration of the evidence, and explained that the attorneys' comments were not evidence.   <u>See</u> <u>Hamblin v. Mitchell</u>, 354 F.3d 482, 495 (6th Cir. 2003); <u>Knapp v. White</u>, 296 F. Supp. 2d 766, 776 (E.D. Mich. 2003).   Jurors are presumed to follow the trial court's instructions.   <u>See</u> <u>Penry v. Johnson</u>, 532 U.S. 782, 799 (2001) (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987)); <u>United States v. Powell</u>, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it.").   Simply put, the petitioner fails to establish that the prosecutor's conduct deprived him of a fundamentally fair trial.

The petitioner also fails to demonstrate that a fundamental miscarriage of justice occurred.   The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.   <u>Murray v. Carrier</u>, 477 U.S. 478, 479-80 (1986).   To be credible, such a claim requires a petitioner to provide new, reliable evidence that was not presented at trial.   <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).   Moreover, actual innocence means factual innocence, not mere legal insufficiency.   <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).   The petitioner makes

-14-

no such showing.  These claims are thus barred by procedural default, lack merit, and do not warrant habeas relief.

### C.      Verdict Form/Jury Instruction Claim

The petitioner also asserts that he is entitled to habeas relief because the verdict form did not provide for a general finding of not guilty for second-degree murder and the trial court did not instruct the jury on the order of deliberations.  The respondent contends that this claim is waived, barred by procedural default, and lacks merit.

The Michigan Court of Appeals denied relief on this claim ruling that it was waived by defense counsel's affirmative acceptance of the verdict form and jury instructions as given.  The court also ruled, alternatively, that the verdict form and jury instructions were sufficient as to the first-degree murder offense of which the petitioner was convicted. *Thomas*, 2012 WL 933602 at *4.

As noted, federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  See discussion supra.  Here, the Michigan Court of Appeals rendered the last reasoned opinion.  In denying relief on this claim, the court relied upon a state procedural bar – the petitioner's acceptance of the verdict form and jury instructions as given – which the court found to constitute a waiver of this issue.  Again, the failure to make a contemporaneous objection or request is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors.  See discussion supra.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental

-15-

miscarriage of justice.  Id.  The petitioner neither alleges nor establishes cause to excuse this procedural default.  A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default.  *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Nonetheless, the court notes that the petitioner cannot establish prejudice because his verdict form and jury instruction claim lacks merit.  In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned.  Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *Estelle*, 502 U.S. at 72; *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).  If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury applied the instruction improperly.  *Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999).  A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record.  *Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996).  State law instructional errors rarely form the basis for federal habeas relief.  *Estelle*, 502 U.S. at 71-72.

In this case, as explained by the Michigan Court of Appeals, the verdict form and the jury instructions on the first-degree murder charge, the offense of which the petitioner was convicted, were appropriate.  Any error as to the second-degree murder charge was harmless beyond a reasonable doubt.  The petitioner fails to show that the verdict form and jury instructions, when considered as a whole, rendered his trial fundamentally unfair.  Furthermore, as previously discussed, the petitioner fails to establish that a fundamental

miscarriage of justice has occurred. This claim is thus barred by procedural default, otherwise lacks merit, and does not warrant habeas relief.

### D.   Ineffective Assistance of Trial Counsel Claim

Lastly, the petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to locate two witnesses who would have supported an innocence defense, for failing to object to an anonymous tipster's hearsay statement, for failing to seek suppression of his police statement, and for failing to object to the alleged instances of prosecutorial misconduct.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions

-17-

in the exercise of reasonable professional judgment.  *Id.* at 690.  The petitioner bears the burden of overcoming the presumption that the disputed actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding.  *Id.*  "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."  *Strickland*, 466 U.S. at 686.

The petitioner first asserts that counsel was ineffective because he failed to locate and produce two witnesses - the actual shooter and the shooter's cousin.  Well-established federal law requires that defense counsel conduct a reasonable investigation into the facts of a defendant's case, or make a reasonable determination that such investigation is unnecessary. Wiggins v. Smith, 539 U.S. 510, 522-23 (2003); Strickland, 466 U.S. at 691; Stewart v Wolfenbarger, 468 F.3d 338, 356 (6th Cir. 2007); Towns v. Smith, 395 F.3d 251, 258 (6th Cir. 2005).  In this case, the Michigan Court of Appeals denied relief on this claim finding that the petitioner failed to identify the witnesses, that counsel's conduct was reasonable given the petitioner's confession, and that the petitioner did not submit evidence to support his claim such that he failed to establish that he was prejudiced by counsel's conduct.  Thomas, 2012 WL 933602 at *4-5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  First, counsel's conduct in not pursuing the alleged actual shooter and his cousin was reasonable given the petitioner's

-18-

admission to police that he shot the victim.  Second, the petitioner fails to offer names, affidavits, or other evidence from the alleged witnesses to support his claim.  It is well-settled that conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.  See Cross v. Stovall, 238 F. App'x 32, 39-40 (6th Cir. 2007); Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); see also Washington v. Renico, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing on habeas review).  The petitioner fails to show that counsel erred and/or that he was prejudiced by counsel's conduct in this regard.

The petitioner next asserts that counsel was ineffective for failing to object to an anonymous tipster's hearsay statements presented through police testimony.  The Michigan Court of Appeals denied relief on this claim finding that the disputed testimony was not offered for the truth of the matter asserted, but was instead introduced for the purpose of explaining the police investigation that led to the petitioner's arrest, such that there was no basis for counsel to object under hearsay rules or the Confrontation Clause. Thomas, 2012 WL 933602 at *5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.  The Confrontation Clause of the Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to confront the witnesses against him.  U.S. Const. Amend. VI; Davis v. Alaska, 415 U.S. 308 (1973).  The Supreme Court has held that the testimonial statement of a witness who does not appear at trial, which is offered for the truth of the matter asserted, is inadmissible unless the witness is unavailable to testify and the defendant had a prior opportunity to cross-examine

the witness.  Crawford v. Washington, 541 U.S. 36, 59, 68 (2004).  The Confrontation Clause, however, "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."  Crawford, 541 U.S. at 59, n. 9; see also Tennessee v. Street, 471 U.S. 409, 414 (1985) ("The nonhearsay aspect [of an out-of-court statement] ... raises no Confrontation Clause concerns."); United States v. Powers, 500 F.3d 500, 508 (6th Cir. 2007) ("testimony provided merely by way of background, or to explain simply why the Government commenced an investigation, is not offered for the truth of the matter asserted and, therefore, does not violate a defendant's Sixth Amendment rights").

In this case, the disputed testimony regarding the anonymous tip was relevant and admissible under state law to explain the course of the police investigation and was not offered for the truth of the matter asserted.  Its admission did not violate state law evidentiary rules, see Mich. R. Evid. 801,  or the Confrontation Clause.  Consequently, the petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's conduct in this regard.  Defense counsel cannot be deemed deficient for failing to make a futile objection or motion.  See Coley v. Bagley, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); United States v. Steverson, 230 F.3d 221, 225 (6th Cir. 2000).

The petitioner also asserts that counsel was ineffective for failing to seek suppression of his police statement, which he claims was coerced and involuntary.  The Michigan Court of Appeals denied relief on this claim finding that the petitioner's statement was knowing, intelligent, and voluntary such that counsel was not ineffective for failing to move to suppress it.  Thomas, 2012 WL 933602 at *6.

-20-

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  Counsel may have reasonably decided not to seek suppression of the petitioner's police statement because such a motion would have been futile.  The Fifth Amendment privilege against compulsory self-incrimination bars the admission of involuntary confessions. Colorado v. Connelly, 479 U.S. 157, 163–64 (1986).  A confession is considered involuntary if: (1) the police extorted the confession by means of coercive activity; (2) the coercion in question was sufficient to overbear the will of the accused; and (3) the will of the accused was in fact overborne "because of the coercive police activity in question."  McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988).

In determining whether a confession is voluntary, the ultimate question is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution."  Miller v. Fenton, 474 U.S. 104, 112 (1985). Those circumstances include: (1) police coercion (a "crucial element"), (2) length of interrogation, (3) location of interrogation, (4) continuity of interrogation, (5) suspect's maturity, (6) suspect's education, (7) suspect's physical and mental condition, and (8) whether the suspect was advised of her or her Miranda rights. Withrow v. Williams, 507 U.S. 680, 693–94 (1993).  All of the factors should be closely scrutinized, Culombe v. Connecticut, 367 U.S. 568, 602 (1961), but without coercive police activity, a confession should not be deemed involuntary.  See Connelly, 479 U.S. at 167 ("coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause").  The burden of proving that a statement was involuntary rests with the petitioner.  Boles v. Foltz, 816 F.2d 1132, 1136 (6th Cir.1987).

In this case, while the petitioner was 18 years old and troubled, he could read and write and there is no evidence that he was ill or otherwise unable to comprehend the proceedings. He was not subject to a lengthy interrogation nor deprived of any necessities. Most importantly, there is not evidence that the police engaged in coercive activity to obtain his statement. Rather, the record indicates that he was advised of his rights, waived those rights, spoke to police, and provided a written statement. The petitioner fails to show that his police statement was coerced or otherwise involuntary. Consequently, he fails to establish that counsel erred and/or that he was prejudiced by counsel's decision not to seek suppression of his statement. As noted, counsel cannot be deemed ineffective for failing to file a meritless or futile motion. See discussion supra.

Lastly, the petitioner asserts that counsel was ineffective for failing to the alleged instances of prosecutorial misconduct. The Michigan Court of Appeals denied relief on this claim finding that the petitioner could not establish that counsel erred or that he was prejudiced by counsel's conduct given that the underlying claims lack merit. Thomas, 2012 WL 933602 at *7.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The petitioner cannot demonstrate that trial counsel erred and/or that he was prejudiced by counsel's conduct given the state court's determination and this court's determination that the underlying prosecutorial misconduct claims lack merit. The petitioner fails to establish that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

-22-

**V.      Conclusion**

For the reasons stated, the court concludes that two of the petitioner's claims are barred by procedural default and that all of his claims lack merit.  His habeas petition must therefore be denied.

Before the petitioner may appeal the court's decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  Slack, 529 U.S. at 484-85.

Having conducted the requisite review, the court concludes that the petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists could not debate the correctness of the court's procedural rulings.  No certificate of appealability is warranted.  Nor should the petitioner be granted

-23-

leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith.

See FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and

**DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave

to proceed in forma pauperis on appeal is **DENIED**.

Dated:  June 11, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 11, 2015, by electronic and/or ordinary mail and also on
Damon Thomas #779551, Baraga Maximum Correctional
Facility, 13924 Wadaga Road, Baraga, MI  49908.

s/Barbara Radke
Deputy Clerk

---

-24-